Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Tia Bowden**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Postal Strategies Corporation**, an Arizona company; **Sunrise Express Corporation**, an Arizona company; **Andrew Smith,** an Arizona resident; and **Sandra DiCavalcante,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiff Tia Bowden ("**Plaintiff**"), for her Verified Complaint against Defendants Postal Strategies Corporation; Sunrise Express Corporation; Andrew Smith; and Sandra DiCavalcante (**"Defendants"**), hereby allege as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum**

**Wage Statute**" or "**AMWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Tia Bowden resided in the District of Arizona.

7. Plaintiff Tia Bowden was a full-time employee of Defendants from on or around September 10, 2018 until on or around December 9, 2020 ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Tia Bowden was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Tia Bowden was an employee of Defendants as defined by A.R.S. § 23-362(A).

10. Defendant Postal Strategies Corporation is a company authorized to do business in Arizona.

11. At all relevant times to the matters alleged herein, Defendant Postal

Strategies Corporation was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. At all relevant times to the matters alleged herein, Defendant Postal Strategies Corporation was Plaintiff's employer as defined by A.R.S. § 23-362(B).

13. Defendant Sunrise Express Corporation is a company authorized to do business in Arizona.

14. At all relevant times to the matters alleged herein, Defendant Sunrise Express Corporation was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. At all relevant times to the matters alleged herein, Defendant Andrew Smith was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Andrew Smith is an Arizona resident.

17. Defendant Andrew Smith has directly caused events to take place giving rise to this action.

18. Defendant Andrew Smith is the Chairman of the Board of Directors for Postal Strategies Corporation.

19. Defendant Andrew Smith is a Director of Postal Strategies Corporation.

20. Defendant Andrew Smith is a Shareholder of Postal Strategies Corporation.

21. Defendant Andrew Smith is a manager of Postal Strategies Corporation.

22. Defendant Andrew Smith is an employer of Postal Strategies Corporation.

23. Defendant Andrew Smith has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

24. Defendant Andrew Smith has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

25. The FLSA defines "employer" as any individual who acts directly or

indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Andrew Smith is an employer.

26. Defendant Andrew Smith had the authority to hire and fire employees.

27. Defendant Andrew Smith had the authority to hire and fire Plaintiff.

28. Defendant Andrew Smith interviewed and hired Plaintiff.

29. Defendant Andrew Smith supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

30. Defendant Andrew Smith would text Plaintiff when he needed her to take over additional routes.

31. Defendant Andrew Smith determined the rate and method of Plaintiff's payment of wages.

32. Defendant Andrew Smith instructed Plaintiff she would be paid on the 1st and 15th of every month.

33. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Andrew Smith is subject to individual and personal liability under the FLSA.

34. Defendant Sandra DiCavalcante is an Arizona resident.

35. Defendant Sandra DiCavalcante has directly caused events to take place giving rise to this action.

36. Defendant Sandra DiCavalcante is a Director of Postal Strategies Corporation.

37. Defendant Sandra DiCavalcante is the Treasurer of Postal Strategies Corporation.

38. Defendant Sandra DiCavalcante is a manager of Postal Strategies Corporation.

39. Defendant Sandra DiCavalcante is an employer of Postal Strategies Corporation.

40. Defendant Sandra DiCavalcante the President/CEO of Sunrise Express Corporation.

41. Defendant Sandra DiCavalcante a Director of Sunrise Express Corporation.

42. Defendant Sandra DiCavalcante is a manager of Sunrise Express Corporation.

43. Defendant Sandra DiCavalcante is an employer of Sunrise Express Corporation.

44. Defendant Sandra DiCavalcante has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

45. Defendant Sandra DiCavalcante has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

46. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Sandra DiCavalcante is an employer.

47. Defendant Sandra DiCavalcante had the authority to hire and fire employees.

48. Defendant Sandra DiCavalcante had the authority to hire and fire Plaintiff.

49. Defendant Sandra DiCavalcante terminated Plaintiff on December 9, 2020 when she provided her two weeks' notice.

50. Defendant Sandra DiCavalcante determined the rate and method of

Plaintiff's payment of wages.

51. Defendant Sandra DiCavalcante would occasionally provide Plaintiff with hand-written checks.

52. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Defendant Sandra DiCavalcante is subject to individual and personal liability under the FLSA.

53. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Andrew Smith and Defendant Sandra DiCavalcante were legally married.

54. Defendant Andrew Smith and Defendant Sandra DiCavalcante have caused events to take place giving rise to this action as to which their marital community is fully liable.

55. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

56. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

57. Defendants, and each of them, are sued in both their individual and corporate capacities.

58. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

59. At all relevant times, Defendants were horizontal joint employers of Plaintiff.

60. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.

61. During the relevant time period, Plaintiff worked at Postal Strategies Corporation.

62. During the relevant time period, Plaintiff worked at Sunrise Express Corporation.

63. Postal Strategies Corporation and Sunrise Express Corporation are all under common control of Defendant Sandra DiCavalcante.

64. Postal Strategies Corporation and Sunrise Express Corporation are all under common control of Defendant Andrew Smith.

65. At all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff.

66. In addition, at all relevant times, Defendants were vertical joint employers of Plaintiff, as defined by *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997).

67. Postal Strategies Corporation and Sunrise Express Corporation have common ownership.

68. The Arizona Corporation Commission lists Defendant Sandra DiCavalcante as a principal of Postal Strategies Corporation and Sunrise Express Corporation.

69. Postal Strategies Corporation and Sunrise Express Corporation have common management.

70. Defendant Sandra DiCavalcante is a supervisor for both entities.

71. Postal Strategies Corporation and Sunrise Express Corporation have common employment policies.

72. Postal Strategies Corporation and Sunrise Express Corporation have common employees.

73. Plaintiff was a common employee that worked for both entities.

74. Jose (surname unknown) was a common employee that worked for both entities.

75. Postal Strategies Corporation and Sunrise Express Corporation have a common location.

76. Postal Strategies Corporation and Sunrise Express Corporation both list Defendant Sandra (Smith) DiCavalcante as their relative statutory agent.

77. Postal Strategies Corporation and Sunrise Express Corporation both list 22412 N. Los Caballos Dr., Scottsdale, Arizona 85255 as their known place of business.

78. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

79. Upon a good faith reasonable belief, Postal Strategies Corporation and Sunrise Express Corporation, combined, had annual gross sales of at least $500,000 in 2018.

80. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

81. Upon a good faith reasonable belief, Postal Strategies Corporation and Sunrise Express Corporation, combined, had annual gross sales of at least $500,000 in 2019.

82. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at

least $500,000 in 2020.

83. Upon a good faith reasonable belief, Postal Strategies Corporation and Sunrise Express Corporation, combined, had annual gross sales of at least $500,000 in 2020.

84. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

85. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

86. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

87. Plaintiff would regularly use the Internet at work for data entry and email communication.

88. Under the FLSA, Plaintiff is a covered employee under individual coverage.

89. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

90. The entity Defendants are mailing service companies.

91. On or around September 10, 2018, Plaintiff Tia Bowden commenced employment with Defendants as a driver.

92. Plaintiff's primary job duties included driving, data entry, metering mail, and training.

93. From on or around September 10, 2018 until on or around December 9, 2020, Plaintiff was paid $85 per day by Postal Strategies Corporation.

94. From on or around September 10, 2018 until on or around December 9, 2020,

Plaintiff was paid $25 per day by Sunrise Express Corporation.

95. Plaintiff was a non-exempt employee.

96. Plaintiff was not paid an hourly rate or salary.

97. Plaintiff was paid a set amount per day, no matter how many hours she worked.

98. Plaintiff is also owed her final paycheck.

99. Therefore, because she received $0.00 for her last paycheck for hours worked, an FLSA and AMWS violation has occurred.

100. Plaintiff was misclassified as an independent contractor.

101. Plaintiff did not have an opportunity for profit or loss based on her work for Defendants.

102. Plaintiff did not invest in equipment or materials in her work for Defendants.

103. Plaintiff did not employ any helpers in her work for Defendants.

104. Plaintiff's work for Defendants did not require a special skill.

105. Plaintiff worked for Defendants for over 2 years.

106. Defendants failed to properly compensate Plaintiff for all her overtime and regular hours.

107. Plaintiff worked in excess of 40 hours per week.

108. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

109. Plaintiff estimates that she worked in excess of 50 hours per workweek working for Defendants.

110. During the relevant time period, Plaintiff did not receive any overtime wages.

111. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

112. Defendants required her to work overtime as a condition of her employment.

113. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

114. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

115. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

116. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

117. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

118. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

119. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

120. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

121. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

122. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is

entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

123. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

124. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

125. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

126. Defendants have not made a good faith effort to comply with the FLSA.

127. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

128. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

129. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

130. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

131. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

132. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to

A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

133. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

134. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

135. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

136. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

137. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

138. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

139. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

140. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

141. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

142. Defendants have not made a good faith effort to comply with the FLSA.

143. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   v. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant

to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 3, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Tia Bowden declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Tia Bowden